COMMONWEALTH *vs.* JOSEPH S. HILL.

The fact that jurors have tried and convicted a defendant of a crime does not disqualify them from sitting as jurors in the trial of another indictment against him for a similar offence at the same term.

INDICTMENT for keeping and maintaining a nuisance, under Gen. Sts. *c.* 87, § 6, from May 18, 1860, to the time of finding the indictment.

At the trial in the superior court, before *Rockwell*, J., before the jurors were sworn, the defendant objected to them for the

reason that they had previously and at the same term of court convicted him under another indictment charging him with keeping and maintaining the same building as a nuisance down to the second Monday of May 1860. There was at the same time another jury in court before whom this case might as well have been tried, and the defendant, being ready and willing to be tried by that jury, objected to being tried before the jurors who actually sat in the case, for the reason that such trial would be in violation of the 29th article of the Declaration of Rights. The judge overruled the objection, and the defendant, having been convicted, alleged exceptions.

*G. F. Verry*, for the defendant.

*Foster*, A. G., for the Commonwealth.

BIGELOW, C. J. The offences charged in the two indictments against the defendant, although of the same nature, were entirely separate and distinct. They had no connection with each other. Nor would the same evidence be competent in support of the second indictment which had been offered at the previous trial to sustain the first indictment. It was only on proof of a new state of facts or series of facts, covering the time alleged in the present indictment, and having no relation to or connection with those on which the previous conviction was founded, that the government could maintain the charge on which the jury were to pass in the trial of the present case. It cannot, therefore, be assumed that the jurors who had served during the first trial of the defendant, had in any degree prejudged the present case, or were under any bias or want of impartiality which would prevent them from giving a fair hearing to the new case which they were called on to try and determine. It would certainly be going very far to say that mere knowledge by a juror that a person had been found guilty of a previous crime, coupled with a knowledge of the facts on which such conviction was founded, would of itself operate to disqualify such juror from forming an impartial and unprejudiced judgment in the trial of a new and distinct charge against the same person. And yet we must go to this extent, in order to sustain the exception on which the defendant now insists. It is doubtless true that

the defendant might suffer in some degree from the moral effect produced on the minds of jurors by the knowledge that he had been previously found guilty of a similar offence. But in this respect he would stand in a similar position with one charged with an offence, whose character in the vicinage from which the jury was drawn, for honesty or correct deportment, was generally known to be bad. Exact and absolute impartiality is not to be had. The utmost that can be attained is, that jurors should be as impartial as the lot of humanity will permit.

*Exceptions overruled.*